UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **BANISTAIRE ESSONO** <br> 913 Symmes Rd. <br> Fairfield, OH 45014 | : <br> : <br> : <br> : | Case No. CV 1:23-cv-791 <br><br> Judge |
| **Plaintiff,** | : <br> : | |
| vs. | : <br> : | |
| **VALEO NORTH AMERICA, INC.** <br> 3620 Symmes Rd. <br> Hamilton, OH 45015 <br><br> Serve: <br> c/o CT Corporation System <br> 4400 Easton Commons Way <br> Ste. 125 <br> Columbus, OH | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | |
| **Defendant.** | : | |

_____

**COMPLAINT AND JURY DEMAND**
_____

Plaintiff Banistaire Essono, for his Complaint against Defendant, Valeo North America, Inc. ("Valeo"), states as follows:

### I. PRELIMINARY STATEMENT

1. This is a civil rights action arising out of Plaintiff Banistaire Essono's employment with Valeo. Mr. Essono alleges that he was a victim of discrimination and retaliation and was terminated because of his race and national origin.

2. Mr. Essono's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Ohio Civil Rights Act.

3. Mr. Essono seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for both his economic and non-economic injuries. He also

seeks liquidated and/or punitive damages and equitable relief in the form of reinstatement or front pay, and an award of his reasonable attorney's fees and costs in prosecuting this matter.

## II. JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 to secure protections and redress deprivations of rights conferred by Title VII and 42 U.S.C. § 1981. This Court may assume supplemental jurisdiction over Mr. Essono's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from the same nucleus of operative facts as his federal claims.

5. Venue with this Court is appropriate because all or part of the claim for relief arose in the Southern District of Ohio.

## III. PARTIES

6. Plaintiff Banistaire Essono is a United States citizen and a resident of Hamilton County, Ohio. Mr. Essono is African. He was born in Cameroon and immigrated to the United States in 2010.

7. Defendant Valeo is a Delaware corporation that operates a facility located at 3620 Symmes Rd. in Hamilton, Ohio. Valeo is an "employer" as that term is defined in Title VII of the Civil Rights Act of 1964 and the Ohio Civil Rights Act.

## IV. ADMINISTRATIVE HISTORY

8. On June 21, 2022, Mr. Essono filed an administrative charge of discrimination and retaliation against Valeo with the Equal Employment Opportunity Commission (473-2022-01466). He alleged that Valeo discriminated against him because of his race and national origin and retaliated against him for protesting race and national origin

2

discrimination in the workplace. The EEOC issued a Notice of Right to Sue on September 1, 2023. This action is brought within 90 days of receiving the right-to-sue notice.

## V. STATEMENT OF THE CASE

9. Valeo hired Mr. Essono in or around November 2017 as a third shift team leader.

10. Beginning in 2018, Mr. Essono was the target of pervasive harassment by an African American employee who worked on his team, David Tuck.

11. Specifically, Mr. Tuck regularly made derogatory comments about Mr. Essono's race, national origin, and accent.

12. Mr. Essono reported Mr. Tuck's discriminatory and harassing remarks on multiple occasions.

13. In 2019, due to Mr. Essono's persistent complaints about Mr. Tuck's behavior, Valeo removed him from Mr. Essono's team and temporarily transferred him to another part of the facility.

14. However, soon thereafter, Valeo returned Mr. Tuck back onto Mr. Essono's team. Despite Mr. Essono's objections about having to work with Mr. Tuck, Mike Miller, Mr. Essono's supervisor, told him that he had no choice but to work with Mr. Tuck.

15. Mr. Tuck continued to ridicule and harass Mr. Essono due to his accent, African national origin, and his race. For example, Mr. Tuck frequently called Mr. Essono a "stupid African." Mr. Essono escalated his complaints of harassment to Valeo's human resources department, but Valeo failed to take any action to remedy Mr. Tuck's harassing behavior.

16. On or about October 8, 2021, Mr. Essono gave Mr. Tuck an assignment to cover a machine for another employee who had taken a bathroom break. Mr. Tuck refused to do as Mr. Essono instructed.

17. When Mr. Essono repeated his instruction, Mr. Tuck became enraged, and attacked Mr. Essono, striking him twice in the mouth and the mouth and head before Mr. Essono was able to take defensive action. Mr. Essono did not strike Mr. Tuck back, but instead embraced him tightly, restraining Mr. Tuck from striking again.

18. Soon after Mr. Essono restrained Mr. Tuck, other employees responded to Mr. Tuck's attack and helped restrain him from continuing to attack Mr. Essono.

19. Mr. Essono filed a police report about the incident with the Hamilton Police Department.

20. Despite the incident being clearly recorded on a video showing that Mr. Tuck attacked Mr. Essono, Valeo terminated Mr. Essono on October 9, 2021, alleging that he had violated company policy by fighting.

21. Valeo's stated reason for terminating Mr. Essono was pretext for illegal discrimination on the basis of his race and national origin, and retaliation for Mr. Essono's reports of the discriminatory comments that Mr. Tuck had made.

22. The acts and/or omissions of Valeo were taken or omitted intentionally, maliciously, and/or purposefully with a conscious and deliberate disregard for Mr. Essono's rights under federal and state civil rights laws to be free from acts of discrimination in employment on account of race and national origin, and retaliation for protesting acts of discrimination in the workplace.

23. As a direct and proximate result of Valeo's actions, Mr. Essono has suffered and will continue to suffer damages from lost income and benefits, emotional distress, and damage to his professional reputation.

## VI. STATEMENT OF CLAIMS

### Count 1: Race and National Origin Discrimination
### 42 U.S.C. § 2000e, 42 U.S.C. § 1981, & Ohio Rev. Code § 4112

24. Plaintiff incorporates paragraphs 1 through 23 as if fully rewritten herein.

25. Mr. Essono is African.

26. Defendant terminated Mr. Essono for raising complaints of race and national origin discrimination.

27. Mr. Essono was qualified for the position of Third Shift Team Leader.

28. Mr. Essono was treated less favorably than his coworkers of different race and American national origin.

29. As a result of the Defendant's actions, Mr. Essono suffered damages, including lost wages and emotional distress.

### Count 2: Retaliation
### 42 U.S.C. § 2000e, 42 U.S.C. § 1981, & Ohio Rev. Code § 4112

30. Plaintiff incorporates paragraphs 1 through 29 as if fully rewritten herein.

31. Mr. Essono engaged in activity protected by Title VII when he opposed race and national origin discrimination.

32. Valeo was aware of Mr. Essono's protected activity.

33. Valeo took adverse action against Mr. Essono after he complained of a

34. There is a causal connection between Mr. Essono's complaints of racial and national origin discrimination and the adverse action Valeo took against him.

35. Valeo's stated reasons for terminating Mr. Essono are pretext for illegal retaliation.

36. As a result of Valeo's actions, Mr. Essono suffered damages, including lost wages and emotional distress.

## Count 3: Hostile Work Environment
## 42 U.S.C. § 2000e & Ohio Rev. Code § 4112

37. Plaintiff incorporates paragraphs 1 through 36 as if fully rewritten herein.

38. Mr. Essono is Central African and originated from the nation of Cameroon.

39. Mr. Essono was subject to unwelcome harassment on the basis of his race and national origin.

40. The harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment.

41. Valeo knew or should have known about the harassment and failed to act.

42. As a result of Valeo's actions, Mr. Essono suffered damages, including lost wages and emotional distress.

## Count 4: Wrongful Termination in Violation of Public Policy

43. Plaintiff incorporates paragraphs 1 through 42 as if fully rewritten herein.

44. Ohio law manifests a clear public policy requiring an employer to provide a place of employment that is safe for its employees. *See, e.g.,* O.R.C. §4101.11, §4101.12, 29 U.S.C. §654.

45. Furthermore, Ohio law manifests a clear public policy in favor of reporting violations of the law by an employer or fellow employee, and in favor of reporting crimes generally. (*See, e.g.,* O.R.C. §4113.52; §2921.22) Ohio law also manifests a clear against retaliating against individuals who report violations of the law by an employer or fellow employee, and who report criminal acts generally (*See, e.g.,* O.R.C. §4113.52; O.R.C. §2921.05).

6

46. Dismissing employees because they filed reports regarding workplace violence, safety violations, and crimes committed in the workplace jeopardizes these public policies.

47. Mr. Essono filed a police report regarding Mr. Tuck's assault and battery in the workplace with the Hamilton Police Department on or about October 8, 2021.

48. Valeo terminated Mr. Essono from his position the following day, on or about October 9, 2021.

49. Valeo terminated Mr. Essono because he filed a police report regarding Mr. Tuck's assault and battery.

50. Valeo's termination of Mr. Essono jeopardizes Ohio public policy requiring an employer to provide a safe workplace to employees, Ohio public policy in favor of reporting violations of the law by employers or fellow employees, and Ohio public policy against retaliation against individuals who report violations of the law, generally or otherwise.

51. As a result of Valeo's willful and malicious actions/omissions, Mr. Essono has suffered economic damages in the form of lost wages and benefits as well as non-economic damages in the form of emotional distress, embarrassment, loss of enjoyment of life and other compensable harm.

## PRAYER FOR RELIEF

Wherefore, Mr. Essono demands judgment against Valeo as follows:

1. An award of compensatory damages for all economic damages suffered by Mr. Essono in an amount to be determined at trial;

2. An award of compensatory damages for all non-economic damages suffered by Mr. Essono in an amount to be determined at trial;

3. For an order reinstating Mr. Essono to his previous position at Valeo, inclusive of all pay increases and benefits to which he would have been entitled had he not been terminated, or in the alternative, an award of front pay;

4. For an award of punitive damages in an amount to be determined at trial;

5. For an award of Mr. Essono's reasonable attorney fees and costs;

6. For an award of any other relief in law or equity to which Mr. Essono is entitled under the premises.

Respectfully submitted,

**MEZIBOV BUTLER**

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)
Dennis A. Gleason (OH No. 0099045)
615 Elsinore Place
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
bbutler@mezibov.com
dgleason@mezibov.com

*Attorneys for Plaintiff Banistaire Essono*

## JURY DEMAND

Plaintiff Banistaire Essono demands a jury trial to resolve all issues of fact related to his Complaint.

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)